IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**MARVIN SPRY,**

    **Movant,**

v.                                **Case No. 2:16-cv-05852**
                                      **Criminal Case Nos. 2:99-cr-00233**
                                                                       **2:01-cr-00011-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant's motion to extend the time to file a motion under 28 U.S.C. § 2255, (ECF Nos. 81, 650);[1] Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF Nos. 83, 652); and Respondent's motion to withdraw the referral of this action to the undersigned, (ECF Nos. 89, 658). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Movant's motion is untimely under 28 U.S.C. § 2255(f); therefore, the undersigned respectfully **RECOMMENDS** that Movant's § 2255 motion be **DENIED**, Movant's

---

[1] The ECF numbers in Movant's civil and criminal actions are incongruous. Therefore, the citations in this PF&R to docket entries through ECF No. 90 reference Movant's Case No. 2:99-cr-00233 and citations to docket entries above ECF No. 90 reference his Case Nos. 2:01-cr-00011-01 and 2:16-cv-05852.

motion for extension of time and Respondent's motion to stay be **DENIED** as moot, and this matter be **DISMISSED** from the docket of the Court.

## I. Discussion

Movant is a three-time convicted felon in this Court. In 1989, Movant was convicted of conspiracy to possess with intent to distribute cocaine. (ECF No. 359 at 2). After his release, Movant shot a person in the shoulder during an altercation over a drug debt. (*Id.* at 3). That incident formed the basis of his second federal criminal action in which he was convicted on June 26, 2000 of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Movant's "second case"). (*Id.*; ECF No. 52). Movant's sentence in his second case included a four-level enhancement under § 2K2.1(b)(5) of the United States Sentencing Guidelines ("the Guidelines") due to the fact that Movant possessed a firearm in connection with another felony offense. (ECF No. 53 at 4). Movant filed a direct appeal in his second case with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which affirmed the conviction and sentence on April 19, 2001. (ECF No. 69).

Thereafter, in 2001, Movant was convicted of marijuana trafficking offenses, money laundering, and witness intimidation (Movant's "third case"). (ECF No. 218). Movant contends that in his third case, he received a two-level sentence enhancement under § 2D1.1(b)(1) of the Guidelines, which was predicated on the firearm conviction in his second case. (ECF Nos. 90, 654 at 2, 661 at 3). He filed an appeal in his third case that ultimately culminated in the Supreme Court of the United States ("Supreme Court") denying his petition for a writ of certiorari on November 4, 2002. (ECF No. 302). In 2003, Movant filed a § 2255 motion in his third case, which was denied. (ECF Nos. 317, 329, 359, 417).

On June 23, 2016, Movant filed a motion seeking an extension of time to file another § 2255 motion under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF Nos. 81, 650). Movant also filed a motion in the Fourth Circuit seeking authorization to file a second or successive § 2255 motion based upon *Johnson*. *See* (ECF Nos. 82, 651). In *Johnson*, the Supreme Court considered a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), under which a person could receive more severe punishment as an armed career criminal if the person had at least three prior "violent felony" convictions. *Johnson,* 135 S. Ct. at 2555. As defined in the ACCA, the term "violent felony" included any crime punishable by imprisonment for a term exceeding one year that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found that the catchall definition of "violent felony" contained in the ACCA's residual clause was unconstitutionally vague because it left too much uncertainty as to what acts and crimes would qualify as violent felonies. *Id.* at 2557-58. Therefore, the Supreme Court found that imposing an enhanced sentence by using the residual clause of the ACCA violated the Constitution's guarantee of due process. *Id.* at 2563.

The Fourth Circuit denied Movant's request for authorization to file a second or successive § 2255 motion under *Johnson* on the basis that Movant was not sentenced as an armed career criminal or a career offender. (ECF Nos. 82, 651). Notwithstanding the Fourth Circuit's denial, Movant proceeded with the pending § 2255 motion, challenging his sentences in both his second and third criminal cases. In his motion, Movant argued that § 2K2.1(b)(5) of the Guidelines (the provision under which he received a four-level sentence enhancement in his second case for using a firearm "in connection with another felony offense") was unconstitutionally vague under *Johnson*. (ECF Nos. 83, 84, 652,

3

653). Movant further argued that the firearm conviction in his second case was then improperly used to enhance the sentence in his third case. (ECF Nos. 90, 654 at 2, 661 at 3).

Respondent moved to withdraw the referral of this case to the undersigned and dismiss this case on the basis that the Fourth Circuit did not authorize Movant to file a second or successive motion. (ECF Nos. 89, 658). However, in that motion, Respondent referred only to the prior § 2255 motion filed by Movant in his third case. (*Id.*). Respondent overlooked the fact that Movant did **not** file a prior § 2255 motion in his second case. Consequently, while Movant's motion in the third case is second or successive, his motion in the second case is not. *See, e.g., In re Gray*, 850 F.3d 139, 143 (4th Cir. 2017) (a habeas petition is not second or successive when it is the first to challenge a judgment); *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) (the phrase "second or successive" must be interpreted with respect to the judgment challenged). Considering that Movant's sentence in his second case is the crux of his *Johnson* argument, Respondent's stated ground for dismissal of the § 2255 motion does not address a core issue.[2] (*Id.*).

In any event, Movant's motion must be denied, as it is untimely. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

---

[2] The Government's confusion is understandable given that Movant filed an amendment to the instant § 2255 motion and a response to the Government's motion to withdraw referral in which he references both his second and third cases. (ECF No. 654, 661). In those documents, Movant claims that the enhanced sentence he received in his third case under § 2D1.1(b)(1) of the Guidelines should be corrected because it relied on an unconstitutionally vague finding in the second case.

4

United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Here, Movant makes no claim and provides no argument to suggest that his motion is timely under § 2255(f)(1), (2), or (4). Instead, Movant implies that his § 2255 motion – filed many years after the convictions became final in both his second and third cases – is timely under § 2255(f)(3), because *Johnson* established a newly recognized right that is retroactively applicable to cases on collateral review. (ECF Nos. 84 at 2-3, 652 at 2-3).

As the Fourth Circuit stated in denying Movant's request for permission to file a second or successive § 2255 motion, Movant was not sentenced as an armed career criminal or a career offender in either his second or third case. Consequently, the newly recognized right created by *Johnson* does not apply to Movant. Nonetheless, Movant claims that the rationale in *Johnson* should extend to the Guidelines' provision under which he received a sentence enhancement on the basis that, like the ACCA provision, it is unconstitutionally vague. Movant's argument has no merit. The Supreme Court simply has not found the applicable Guidelines' provision to be unconstitutionally vague. Indeed, the rationale in *Johnson* has not even been extended to the residual clause in the Guidelines that is *identical* to the ACCA, much less the portion of the Guidelines under which Movant was sentenced. *See Beckles v. United States*, 137 S. Ct. 886 (2017); *also, United States v. Brown*, 868 F.3d 297 (4th Cir. 2017).

Given that Movant cannot show a newly recognized right that would make his

motion timely under the AEDPA, and he does not meet any other portion of 28 U.S.C. § 2255(f), the undersigned **FINDS** that Movant's motion is untimely and must be dismissed.

## II. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF Nos. 83, 652), be **DENIED** as untimely; that the motion for extension of time and motion to withdraw the referral to the undersigned, (ECF Nos. 81, 89, 650, 658), be **DENIED** as moot; and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if PF&R is received by mail) from the date of filing this PF&R within which to file with the Clerk of this Court, specific written objections, identifying the portions of the PF&R to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such

objections shall be provided to the opposing party, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant, Respondent, and counsel of record.

**FILED:** December 18, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge